# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:19-cr-00323-IM-2 |
| v. | **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255** |
| **JOSE GUADALUPE VALDEZ, JR.**, | |
| Defendant. | |

Natalie K. Wight, United States Attorney, and Leah K. Bolstad, Assistant United States Attorney, U.S. Attorney's Office, 1000 SW Third Ave., Suite 600, Portland, OR 97204. Attorneys for the Government.

Jose Guadalupe Valdez, Jr., USM #67747-065. Pro se.

**IMMERGUT, District Judge.**

Before this Court is Defendant Jose Guadalupe Valdez Jr.'s Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Mot."), ECF 177. Invoking the Second, Fifth, and Sixth Amendments, Defendant requests the "immediate vacation of all charges and [a] remedy of irreparable damages." *Id.* at 12.

PAGE 1 – OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE

The Government opposes the Motion. Government's Motion to Dismiss and Deny Defendant's § 2255 Motion ("USA Br."), ECF 179.[1] It argues that Defendant is ineligible to have his sentence vacated because his Motion is untimely. This Court DENIES Defendant's Motion, ECF 177, because it was filed almost sixteen months past the statutory deadline and Defendant has not identified any extraordinary circumstance that warrants equitable tolling, nor any evidence that he is actually innocent of the crime to which he pleaded guilty.

## LEGAL STANDARDS

Section 2255 permits "[a] prisoner in custody under sentence of a court established by Act of Congress" to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a).

To warrant relief, a defendant must demonstrate that an error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").

---

[1] Although the United States filed a separate motion to dismiss Defendant's § 2255 Motion, the Government's motion is essentially a response brief to the § 2255 Motion. *See* USA Br., ECF 179 at 1 ("[B]efore the government responds to the merits of [Defendant's] claims, his motion should be dismissed as untimely."). The Government has otherwise not filed any other response to the § 2255 Motion.

A prisoner seeking relief under § 2255 also must file his or her motion within a one-year

statute of limitations. The limitations period begins to run on the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (paragraph breaks added). A judgment of conviction becomes final when the

period for filing a direct appeal of that judgment lapses. *United States v. Gilbert*, 807 F.3d 1197,

1199 (9th Cir. 2015).

Under § 2255, the defendant is entitled to a hearing in which the court determines the

issues and makes findings of fact and conclusions of law, "[u]nless the motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.

§ 2255(b). "The standard for granting an evidentiary hearing [under § 2255] entails assuming the

truth of [the defendant's] factual allegations . . . ." *United States v. Leonti*, 326 F.3d 1111, 1121

(9th Cir. 2003). In evaluating a pro se § 2255 motion, the court must construe the motion

liberally. *See United States v. Seesing*, 234 F.3d 456, 462–63 (9th Cir. 2000) (citation omitted),

*as amended* (Jan. 29, 2001).

## BACKGROUND

Defendant pleaded guilty to unlawfully possessing a firearm as a felon in violation of 18

U.S.C. § 922(g)(1). Plea Agreement, ECF 101 ¶ 2. This Court entered judgment and sentenced

PAGE 3 – OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE
SENTENCE

Defendant to forty-three months imprisonment and three years of supervised release on July 26, 2021. *See* Judgment & Commitment, ECF 127. At the sentencing hearing, Defendant was advised of his right to appeal. ECF 126. Defendant did not appeal. *See* Mot., ECF 177 at 10.

On August 9, 2022, Defendant completed his term of imprisonment and was released from federal prison to serve his period of supervised release. Petition for Supervised Release Violation and Warrant, ECF 142. Defendant, however, violated the terms of his supervised release and was arrested on February 21, 2023. ECF 147. On January 18, 2024, this Court committed Defendant to another fourteen months of imprisonment and twelve months of supervised release. ECF 184.

While in federal custody and awaiting a hearing on the revocation of his supervised release, Defendant filed the instant § 2255 Motion on January 2, 2024, though the Motion was signed on December 7, 2023. *See* Mot., ECF 177 at 12. The Government filed its Motion to Dismiss Defendant's Motion on January 11, 2024. *See* USA Br., ECF 179. On February 29, 2024, Defendant moved for the appointment of counsel to aid in filing a response to the Government's Motion to Dismiss. ECF 188. This Court denied that Motion on March 11, 2024. ECF 189. Defendant filed his response to the Government's Motion on March 14, 2024. *See* Defendant's Response to the Government's Motion to Dismiss ("Def.'s Resp."), ECF 190.

This Court treats the Government's Motion as a response brief, and Defendant's response as a reply in connection to his original § 2255 Motion.

## DISCUSSION

This Court now denies Defendant's Motion. Defendant's "allegations, viewed against the record, fail to state a claim for relief" because he filed his Motion almost sixteen months too late and Defendant identifies no extraordinary circumstance that warrants equitable tolling, nor any

PAGE 4 – OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE

evidence that he is actually innocent of the crime to which he pleaded guilty. *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996). There is thus no need for a hearing to resolve Defendant's Motion. *See Roberts v. Marshall*, 627 F.3d 768, 772–73 (9th Cir. 2010).

Section 2255 has strict deadlines. As stated above, a motion to vacate, set aside, or correct a sentence under § 2255 generally must be filed within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1); *Gilbert*, 807 F.3d at 1199. If the movant does not pursue a direct appeal of the conviction, the conviction becomes final when the time for filing a direct appeal expires. *Gilbert*, 807 F.3d at 1199.

In this case, Defendant's Motion was not filed on time, as Defendant effectively concedes. *See* Mot., ECF 177 at 10. Defendant's conviction became final on August 9, 2021, and accordingly, his deadline for a § 2255 motion was August 9, 2022. But Defendant did not mail his Motion until, at the earliest, December 7, 2023—almost sixteen months past the statutory deadline.[2] For this reason, Defendant's Motion must be denied.

Defendant makes two arguments to the contrary, but neither succeeds.

*First*, Defendant contends that he should be excused from the one-year deadline because he "was ignorant to the fact of [his] rights." Mot, ECF 177 at 10–11; *see also* Def.'s Resp., ECF 190 at 8, 15 ("I was not informed of my rights. I was not informed of my ability to appeal the

---

[2] For the purposes of calculating Defendant's statutory deadline, it makes no difference that Defendant is making arguments pursuant to the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). *Bruen* was decided on June 23, 2022, meaning that the statute of limitations date for Defendant's *Bruen* challenge was June 23, 2023. Even with this more favorable statute of limitations date, Defendant's *Bruen* challenge is still untimely.

PAGE 5 – OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE

court's decision.").[3] In substance, Defendant's argument is one for equitable tolling. *See United States v. Battles*, 362 F.3d 1195 (9th Cir. 2004) (applying equitable tolling to § 2255 claims). To have his time bar extended through equitable tolling, Defendant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020) (en banc) (citations and internal quotation marks omitted). In Defendant's view, his lack of knowledge regarding § 2255, and its statutory deadlines, constitutes such an extraordinary circumstance.

This argument is a non-starter, even putting aside that this Court expressly informed Defendant of his right to appeal at his original sentencing hearing. ECF 126. It is well-established in the Ninth Circuit that a "pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009); *Frye v. Hickman*, 273 F.3d 1144, 1145–46 (9th Cir. 2001). Thus, Defendant's ignorance of the law cannot excuse his untimeliness.

*Second*, Defendant contends that his Motion was not untimely because "there is no time lapse for unlawful incarceration of an innocent man." Def.'s Resp., ECF 190 at 8. In substance, Defendant is relying on the rule that "where an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may . . . have his constitutional claims heard on the

---

[3] The pages of Defendant's handwritten response brief were scanned out of order before being docketed, but Defendant helpfully numbered the pages, and accordingly, this Court is able to put together the original page order of Defendant's brief.

merits." *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); *see Roberts v. Howton*, 13 F. Supp. 3d 1077, 1097 (D. Or. 2014) (explaining that this standard applies even if "the petitioner entered a guilty plea" and citing cases). This is a "severely confined category," *McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013), an "exacting standard" that "permits review only in the extraordinary case," *Lee*, 653 F.3d at 938 (citation and internal quotation marks omitted). A defendant must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Id.* (citation omitted).

Defendant here presents no such evidence. Instead, Defendant makes only conclusory assertions of innocence. *See, e.g.*, Mot., ECF 177 at 5–6. That is plainly insufficient to satisfy the actual innocence test's exacting standard. *See, e.g.*, *Varela v. Kelly*, Case No. 6:20-cv-01894-YY, 2022 WL 18215896, at *3 (D. Or. June 13, 2022) (explaining that conclusory assertions are not "new reliable evidence" (citation omitted)), *findings and recommendation adopted*, 2023 WL 144221 (Jan. 10, 2023); *see also Monk v. Gonzalez*, 583 F. App'x 674, 676–77 (9th Cir. 2014) (holding that an affidavit that was "short, conclusory, and lacking in details" was insufficient to establish "actual innocence"). Furthermore, Defendant's "conclusory claim that he is 'actually innocent' is contradicted by the fact that he entered a plea." *Batalon v. Holland*, No. C 11–3810 YGR (PR), 2012 WL 3283414, at *9 (N.D. Cal. Aug. 10, 2012).[4] Therefore, Defendant's claim of actual innocence does not excuse his untimeliness.

---

[4] The Supreme Court has also explained that "[i]n cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Bousley v. United States*, 523 U.S. 614, 624 (1998); *see also Vosgien v. Persson*, 742 F.3d 1131, 1135–36 (9th Cir. 2014) (applying this rule to the issue of the timeliness of a § 2254 petition). Defendant has nowhere attempted to address any other charges that he might have faced in the absence of a plea bargain.

PAGE 7 – OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE

In sum, Defendant's § 2255 Motion is untimely, and he is not eligible for equitable

tolling nor the actual innocence exception to the time-bar. Defendant is not entitled to an

evidentiary hearing, and his Motion must be denied. *See United States v. Jackson*, 21 F.4th 1205,

1214 n.5 (9th Cir. 2022).

## CONCLUSION

Because it is untimely, this Court DENIES Defendant's Motion to Vacate, Set Aside, or

Correct Sentence under 28 U.S.C. § 2255, ECF 177. This Court DECLINES to issue a Certificate

of Appealability on the basis that Defendant has not made a substantial showing of the denial of

a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 1st day of April, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 8 – OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE
SENTENCE